496    APPELLATE COURTS OF ILLINOIS.

The People v. The Equitable Life Ins. So. of the U. S., 143 App. 496.

**The People, ex rel. E. R. Leonard, Appellant, v. The Equitable Life Insurance Society of the United States, Appellee.**

PEREMPTORY INSTRUCTION—*when should be given.* Where there is no evidence tending to prove the plaintiff's cause of action alleged in his declaration, a peremptory instruction should be given for the defendant.

Action of debt. Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

JAMES LINGLE, for appellant.

MAYER, MEYER & AUSTRIAN and CRAWFORD & CRAWFORD, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee upon a directed verdict, in an action of debt, brought by the state's attorney of Union county on the relation of an informer, against appellee, and tried at the November term, 1907, of the Circuit Court of Union county. The action was one to recover the penalty provided by the insurance statute of this state (ch. 73, secs. 27-30 Hurd's Rev. St.), which prohibits insurance companies transacting business in this state from making any distinction or discrimination in the established rates or premiums exacted, between insurants of the same class and equal expectation of life. The declaration contained four counts, each of which charged that the Equitable Life Assurance Society (appellee) executed and delivered a certain policy or policies of insurance and charged and collected premiums thereon less than the established rate of premium charged other insurants of the same class. To this declaration the defendant pleaded the general

·FOURTH DISTRICT—SEPTEMBER, 1908.    497

The People v. The Equitable Life Ins. So. of the U. S., 143 App. 496.

issue.  The case was tried by a jury and at the close
of plaintiff's evidence he dismissed his suit as to all
counts except the first, whereupon the defendant asked
for and obtained a peremptory instruction to the jury
to find for the defendant, and the jury returned a ver-
dict accordingly.  Motion for new trial and in arrest
of judgment were made successively and overruled by
the court.  From a judgment on the verdict the plaint-
iff appealed to this court.

Counsel on both sides have elaborated in brief and
argument upon propositions which are wholly outside
the question that must determine this appeal.  Appel-
lant submitted his case upon the first count alone and
we find in the abstract no evidence offered or excluded
tending to prove material allegations contained in the
first count.  That being the condition of the record the
peremptory instruction and judgment necessarily fol-
lows, whatever may have been the court's views as to
cumulative penalties or measure of damages under
the statutes.  The first count alleges that the defend-
ant on the 14th day of February, 1906, was a life
insurance company doing business in Union county;
that it issued a policy of insurance for $1,000 to one
Ira P. Keith, 38 years old, for which it charged $8.14;
that the defendant's established premium for persons
of that age was $44.99, whereby the defendant violated
the statutes prohibiting discrimination, etc.  In the
search for evidence we have gone beyond the abstract,
which is barren of any proof, and have examined the
record in vain for evidence of any of the material alle-
gations as above recited.  There is no evidence or
offer of a policy issued, premium paid or an estab-
lished rate.

Appellant complains of the limitation to which he
was subjected by the court in the opening statement
to the jury and of the construction given the statute
by the court in ruling on objections made by counsel
for appellant.  There being no evidence in proof of

the declaration the question argued by counsel may be of interest as an abstract proposition, but has no bearing in determining whether the judgment should be affirmed or reversed, and whether counsel or court correctly construed the statutes is not a question made by the record and calling for a decision by this court in disposing of the case.

We therefore deem it unnecessary to consider further the matters discussed in brief and argument. The judgment will be affirmed.

*Affirmed.*